# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. | ) | |
| KENNETH SMITH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 13 C 5982 |
| v. | ) | Hon. Marvin E. Aspen |
| | ) | |
| MICHAEL LEMKE, Warden | ) | |
| Stateville Correctional Center, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM ORDER AND OPINION

MARVIN E. ASPEN, District Judge:

Petitioner Kenneth Smith, a Stateville Correctional Center inmate, where Respondent Michael Lemke is Warden, now petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, we deny the petition.

## BACKGROUND AND PROCEDURAL HISTORY

In January of 2004 in the Circuit Court of Cook County, Kenneth Smith entered a negotiated plea of guilty to one count of first-degree murder in exchange for a twenty-five-year term of imprisonment. (Resp. Ex. A at 2, *People v. Smith*, 365 Ill. App. 3d 356, 357, 847 N.E.2d 865, 866 (1st Dist. 2006).) The facts underlying Mr. Smith's plea are as follows.[1]

### A. Smith's Guilty Plea

In 2001, Mr. Smith was charged with first-degree murder for fatally stabbing his cousin, Will Vinable. (Pet. for Writ of Habeas Corpus (hereinafter "Petition") Ex. A at 4.) On January 12, 2004, Mr. Smith entered a plea of guilty to first-degree murder and was sentenced to 25 years in prison. (Resp. Ex. B at 1, *People v. Smith*, 2013 IL App (1st) 111906-U, 2013 WL

---

[1] The state court's account of the facts is presumed correct because it has not been rebutted by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1); *see also Sumner v. Mata*, 449 U.S. 539, 547, 101 S. Ct. 764, 769–70 (1998).

950520 (1st Dist.).)  At the plea hearing, the court admonished Smith that he was charged with first-degree murder, which was "punishable from 20 to 60 years in the Illinois DOC and include[d] three years of mandatory supervised release (MSR)."  (Resp. Ex. N at 113, Hr'g Tr., *People v. Smith*, (2004) (No. 01-CR-11391).)  The court then asked Smith whether, knowing the nature of the charge and the possible penalties, he wished to enter a guilty plea.  (*Id.*)  Mr. Smith indicated that he wished to plead guilty.  (*Id.*)  After hearing the factual basis for the plea, the court accepted the plea and sentenced Mr. Smith to twenty-five years in prison, which included three years of mandatory supervised release.  (*Id.* at 127.)

### B.  Direct Appeal

Mr. Smith filed a *pro se* motion to withdraw his plea, which the trial court denied on March 15, 2004.  (Resp. Ex. A at 2–3, *People v. Smith*, 365 Ill. App. 3d 356, 357–58, 847 N.E.2d 865, 866–67 (1st Dist. 2006); Resp. Ex. B at 1.)  Mr. Smith appealed, arguing that the trial court erred in allowing him to litigate the motion to vacate *pro se*, and on March 31, 2006 the appellate court reversed and remanded the case for further proceedings.  (Resp. Ex. A at 5; Resp. Ex. B at 1; Resp. Ex. D, Brief and Argument for Defendant-Appellant at 8–18, *People v. Smith* (2005) (No. 01-CR-11391).)  On remand, Mr. Smith filed a counseled motion to withdraw his plea, arguing that the trial court failed to admonish him properly regarding MSR.  (Resp. Ex. B at 1.)  The trial court ultimately denied Mr. Smith leave to withdraw his guilty plea.  (*Id.* at 2.)

Mr. Smith appealed again, raising two due process claims: (1) his plea was invalid because the trial court failed to adequately admonish him regarding MSR; and (2) the imposition of MSR constituted a breach of his plea agreement, thereby denying him the benefit of the bargain.  (Pet. Ex. A at 7–14.)  The appellate court rejected both claims on the merits.  (Resp. Ex. B at 3.)  Mr. Smith then re-raised both claims in a petition for leave to appeal to the Illinois

Supreme Court, (Pet. Ex. C), which denied leave to appeal on May 29, 2013.  (Resp. Ex. C at 25, Order of Leave to Appeal, *People v. Smith*, (2013) (No. 1-11-1906).)[2]

### C.  Federal Habeas Petition

After exhausting his state court remedies, Mr. Smith filed a *pro se* petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, raising the same due process claims that he litigated in state court.  (Pet. at 5–6.)

### STANDARD OF REVIEW

To obtain habeas relief, a petitioner must establish that the proceedings in state court resulted in a decision that was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or that (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *see Williams v. Taylor,* 529 U.S. 363, 404–05, 120 S. Ct. 1495, 1519 (2000); *Morgan v. Hardy,* 662 F.3d 790, 797 (7th Cir. 2011).  Determinations of factual issues made by a state court are presumed correct, and the petitioner bears the burden of rebutting this presumption with clear and convincing evidence.  *See* 28 U.S.C. § 2254(e)(1); *see also Sumner*, 449 U.S. at 547, 101 S. Ct. at 769–70.

First, a state court's decision is contrary to clearly established Supreme Court precedent "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [it]."  *Williams*, 529 U.S. at 405, 120 S. Ct. at 1519; *see Morgan*, 662 F.3d at 797; *Woods v. McBride*, 430 F.3d 813, 816–17 (7th Cir. 2005).

---

[2] Mr. Smith did not file a state post-conviction petition.  (Pet. at 3.)

Second, a state court's decision is an "unreasonable application" of clearly established Supreme Court precedent "if the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of a particular prisoner's case" or "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams,* 529 U.S. at 407–08, 120 S. Ct. at 1521; *Morgan, 662 F.3d at 797*. A state court's application of Supreme Court precedent must be more than incorrect or erroneous; it must be "objectively" unreasonable. *Williams*, 529 U.S. at 410, 120 S. Ct. at 1522 (finding that "a federal habeas court may not issue the writ simply because that court concludes . . . that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable."); *see Morgan,* 662 F.3d at 797. Under this standard, to be unreasonable the decision of the state court must lie "well outside the boundaries of permissible differences of opinion." *Watson v. Anglin,* 560 F.3d 687, 690 (7th Cir. 2009) (quoting *Hardaway v. Young,* 302 F.3d 757, 762 (7th Cir. 2002)); *see Henderson v. Briely,* 354 F.3d 907, 909 (7th Cir. 2004) ("[T]he question before a federal court on collateral review . . . is only whether the state court's decision was so far out-of-bounds as to be 'unreasonable.'"). Here, Mr. Smith asserts that the proceedings in state court resulted in both an unreasonable determination of the facts and an unreasonable application of federal law.

# ANALYSIS

### A. *Claim 1—Due Process Violation for Failure to Admonish Regarding MSR*

Mr. Smith alleges that his due process rights were violated during both the pre-plea admonishments and the plea proceedings before the trial court. (Pet. Grounds for Appealability at 1.) First, Mr. Smith challenges the state court's finding that he was adequately admonished when it stated that his sentence would include a three-year term of MSR. (Resp. Ex. B at 1, 3.) The state court's factual finding is conclusive under 28 U.S.C. § 2254(e)(1) unless Mr. Smith rebuts this presumption with clear and convincing evidence. *See Sumner*, 449 U.S. at 547, 101 S. Ct. at 769–70. Mr. Smith argues that he was not properly informed of an MSR obligation prior to entering his plea and contends that the mention of MSR was made only in passing when discussing the possible range of prison sentences. (Pet. at 5; Resp. Ex. B at 2). The transcript of the plea hearing includes the court's admonishment of MSR. (*See* Resp. Ex. N at 113 ("[First degree murder] is punishable from 20 to 60 years in the Illinois DOC and includes three years of mandatory supervised released [sic].")) Because Mr. Smith has not submitted clear and convincing evidence to rebut this finding, he cannot establish that the state court's decision was based on an unreasonable determination of the facts.

Second, in its application of state law, the appellate court found that "a constitutional violation occurs only when there is 'absolutely no mention' to a defendant, prior to the entry of his guilty plea, that he must serve a term of MSR in addition to the agreed upon sentence . . ." (Resp. Ex. B at 2.); *see People v. Davis*, 403 Ill. App. 3d 461, 466, 934 N.E.2d 550, 555 (1st Dist. 2010); *but see People v. Burns*, 405 Ill. App. 3d 40, 43–44, 933 N.E.2d 1208, 1212 (2d Dist. 2010) (concluding that admonishment violates due process when it does not link the term of MSR to the actual sentence that the defendant would receive pursuant to the plea agreement.)

Following the ruling set forth in *Davis*, the appellate court held that the trial court put Mr. Smith "on notice" of the MSR term prior to imposing his sentence because it indeed mentioned the three-year MSR term while discussing the range of imprisonment that first-degree murder carries. (Resp. Ex. B at 3.)

With regard to whether Mr. Smith received pre-plea admonishment, there is no Supreme Court precedent holding that due process requires pre-plea admonishments regarding MSR. *See Lockhart v. Chandler*, 446 F.3d 721, 724 (7th Cir. 2006) (*citing Lane v. Williams*, 455 U.S. 624, 630 n.9, 102 S. Ct. 1322, 1326 n.9 (1982) ("There is no Supreme Court precedent for the proposition that a defendant must be advised of a term of MSR at the time he attempts to enter a plea of guilty. Quite the contrary, the Court has expressly declined to decide such an issue in the . . . context of parole."). Because there is no "clearly established Federal Law, as determined by the Supreme Court of the United States," § 2254(d)(1), Mr. Smith cannot establish that the state court misapplied federal law. We hold that Claim 1 is without merit.

**B.** *Claim 2—Due Process Violation for Imposition of MSR as Breach of Plea Agreement*

Mr. Smith argues in his second claim that the imposition of a term of MSR amounts to a breach of his plea agreement, denying him the benefit of his bargain in violation of the Due Process Clause. His second claim fails for two reasons: (1) the state court did not make an unreasonable determination of the facts, and (2) the state court's decision was not based on an unreasonable application of federal law. First, courts have rejected MSR-based, benefit-of-the-bargain claims where, as in this case, the petitioner does not present evidence of a promise to waive the MSR term. *See Villanueva v. Anglin*, 719 F.3d 769, 777–78 (7th Cir. 2013); *see also Fonville v. Anglin*, No. 12 C 2161, 2014 WL 237163, at *7 (C.D. Ill. Jan. 22, 2014). Second, Mr. Smith's due process claim also does not fall within the rule of *Santobello v. New York*, 404

U.S. 257, 92 S. Ct. 495 (1971). In *Santobello*, the court found in the petitioner's favor where the prosecution breached a promise made during the course of plea negotiations. *Id.* at 262–63; *see generally Villanueva*, 719 F.3d at 777 ("[For a defendant] to obtain relief under *Santobello*, the prosecution must make a promise that induces the defendant to plead guilty."); *United States ex rel. Harris v. Yurkovich*, No. 11 C 4896, 2012 WL 6591639, at *3 (N.D. Ill. Dec. 14, 2012) ("*Santobello* stands for the proposition that the government must keep its end of a negotiated plea agreement.").

First, Mr. Smith has failed to show both that the prosecution promised to prevent an MSR term from attaching to his prison sentence and that the prosecution broke a promise to withhold a term of MSR. In fact, Mr. Smith contends that MSR "was never discussed by the state nor petitioner['s] attorney during plea negotiation." (Pet. Grounds for Appealability at 1.) In light of this evidence, the state court's decision was not "based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d); *see Williams*, 529 U.S. at 404–05, 120 S. Ct. at 1519; *Morgan*, 662 F.3d at 797. Second, as there is no indication that the prosecution promised to waive a term of MSR in Mr. Smith's sentencing, Mr. Smith has not established that his due process rights were violated under *Santobello*.[3] Thus, the state court's decision did not "involve[] an unreasonable application of[] clearly established Federal law." 28 U.S.C. § 2254(d); *see Williams*, 529 U.S. at 404–05, 120 S. Ct. at 1519; *Morgan*, 662 F.3d at 797. We therefore conclude that Claim 2 fails on the merits.

---

[3] Indeed, a plea agreement omitting a term of MSR would be illegal under Illinois law. *See, e.g.*, *People v. Morgan*, 128 Ill. App. 3d 298, 300, 470 N.E.2d 1118, 1120 (1984) (noting that "the term of MSR is indeed mandatory and its imposition cannot be affected by the defendant, the State, or the courts").

## CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c)(1), a certificate of appealability ("COA") is required for an appeal from a final order in a habeas corpus proceeding under 28 U.S.C. §§ 2254 or 2255. *See* 28 U.S.C. § 2253(c). We may grant a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Walker v. O'Brien*, 216 F.3d 626, 631–32 (7th Cir. 2000). To make a substantial showing of the denial of a constitutional right where the district court has rejected a petitioner's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessments of the constitutional claims debatable or wrong," or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S. Ct. 1595, 1603–04 (2000) (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4, 103 S. Ct. 3383, 3395 (1983)).

Regarding Mr. Smith's first claim, there is no federal law "clearly established" by the Supreme Court providing that due process requires pre-plea admonishments regarding MSR. Furthermore, Mr. Smith's second claim does not fall under Supreme Court precedent in *Santobello*, as he has offered no evidence that the prosecution promised to waive a term of MSR. Under the circumstances, reasonable jurists could not question the opinion of this court. Because Mr. Smith cannot show that reasonable jurists could debate our holding on the merits, he is not entitled to a COA.

**CONCLUSION**

Because Mr. Smith has not presented a cognizable federal claim that would entitle him to habeas relief, we deny his petition. We also decline to issue a certificate of appealability. It is so ordered.

_____
MARVIN E. ASPEN
United States District Court Judge

Dated: March 3, 2014